FILED
2019 Apr-12 PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

1019-20503 #1415079

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MODERN AMERICAN RECYCLING SERVICE, INC. | CIVIL ACTION NO: 2:19-cv-9301 |
| VERSUS | SECTION |
| EPIC APPLIED TECHNOLOGIES, LLC, EPIC COMPANIES, LLC, NAVARRO CAPITAL PARTNERS, LLC, RANGER OFFSHORE, INC., AND CENTRAL BOAT RENTALS, LLC | DIVISION<br><br>IN ADMIRALTY |

### INTERPLEADER COMPLAINT

Modern American Recycling Service, Inc. ("MARS"), files this Interpleader Complaint naming Epic Applied Technologies, LLC ("Epic Applied"), Epic Companies, LLC ("Epic Companies"), Navarro Capital Partners, LLC ("Navarro"), Ranger Offshore, Inc. ("Ranger"), and Central Boat Rentals, LLC ("Central Boat"), as interpleader claimants, and respectfully avers as follows:

1.

This is an interpleader action to resolve competing claims or potential claims to funds owed by MARS to Ranger and/or Epic Applied and/or Epic Companies and/or Navarro and sought to be garnished by Central Boat. The disputed funds arise out of scrap processed and purchased by MARS from Ranger and/or Epic Companies and/or Epic Applied and/or Navarro. MARS is uncertain to which entity the certain funds are owed and competing claims have been made against the same funds.

## PARTIES

2.

Modern American Recycling Service, Inc. is an Alabama corporation and is registered to do business in Louisiana with its principal place of business in Gibson, Louisiana, which is within this federal district.

3.

Interpleader claimant Epic Applied Technologies, LLC, is a Delaware limited liability company doing business within this federal district.

4.

Interpleader claimant Epic Companies, LLC is a Delaware limited liability company doing business within this federal district.

5.

Interpleader claimant Navarro Capital Partners, LLC, is a Texas limited liability company doing business within this federal district.

6.

Interpleader claimant Ranger Offshore, Inc. is a Delaware corporation doing business within this federal district.

7.

Interpleader claimant Central Boat Rentals, LLC, is a Louisiana limited liability company doing business within this federal district.

## JURISDICTION AND VENUE

8.

This Court has jurisdiction over this Federal Rules of Civil Procedure Rule 22 interpleader because the underlying contracts between MARS and Epic Applied and between MARS and Ranger are maritime contracts. Jurisdiction is therefore proper under 28 U.S.C. § 1333. If it is found that Central Boat, to which MARS is a garnishee as explained below, is not a proper party to this interpleader, then jurisdiction is also proper under 28 U.S.C. § 1332 because there is complete diversity between the plaintiff and the claimants and the amount in controversy exceeds $75,000.

9.

In the alternative, and only in the event that interpleader under Rule 22 is found to not apply, there is jurisdiction under 28 U.S.C. § 1335(a) because at least two of the interpleader claimants are of diverse citizenship, the dispute between the parties exceeds $500.00, and MARS is the stakeholder in the funds but without interest in the funds.

10.

Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this federal district.

11.

In the alternative, and in the event interpleader under Rule 22 is found not to apply, venue is proper under 28 U.S.C. § 1397 because one of the claimants resides in this district.

12.

This Court has personal jurisdiction over Central Boat because it is a Louisiana limited liability company and is therefore subjected to general personal jurisdiction in this state.

3

13.

This Court has personal jurisdiction over Epic Applied, Epic Companies, Ranger, and Navarro because they regularly transacted business in this federal district and claim to have transacted the business that gives rise to this interpleader in Louisiana.

## FACTUAL BACKGROUND

14.

MARS is in the business of purchasing, processing, and reselling scrap from marine assets such as vessels and decommissioned offshore oil platforms. MARS also provides services to companies who decommission offshore platforms by configuring materials barges to receive decommissioned offshore assets, as well as other services that companies utilize to work offshore to decommission the offshore platforms and take the component parts of such platforms back onshore for scrapping and recycling.

15.

MARS was engaged in this business in 2018 and 2019 when the events giving rise to this interpleader occurred.

16.

MARS had an existing business relationship with Ranger in 2018 and would perform certain work for Ranger, including configuring and breaking down materials barges as well as scrapping the marine assets that Ranger had decommissioned.

17.

MARS had a Master Services Agreement with Ranger dated July 27, 2017, which specified that it was governed by the general maritime law.

18.

MARS also had an existing relationship in 2018 with a company known at the time as Tetra Applied Technologies, LLC. MARS had a Master Services Agreement with Tetra Applied Technologies, LLC dated October 4, 2013, which stated that it was governed by the general maritime law.

19.

At some point prior to June 11, 2018, upon information and belief, Epic Companies or Epic Applied acquired Tetra Applied Technologies, LLC. On or about June 11, 2018, Epic Applied executed Amendment 1 to the October 4, 2013, Tetra Applied Technologies, LLC, Master Service Agreement indicating that Tetra Applied Technologies was now known as Epic Applied. Amendment 1 did not revise the choice of law clause in the October 4, 2013, Master Service Agreement.

20.

Upon information and belief, on or about August 8, 2018, Navarro acquired some or all of the assets of Ranger in a purchase agreement and many (if not all) employees of Ranger became employees of Epic Companies and/or Epic Applied and/or Navarro.

21.

Throughout the 2018 offshore scrapping season, which generally runs early summer through the fall, MARS performed services for companies which it believed were Epic Applied and Ranger including work such as configuring materials barges, breaking down materials barges, and scrapping offshore assets for recycling.

22.

Throughout the 2018 scrapping season MARS received instructions from persons believed to be employees of Epic Companies and/or Epic Applied as well as employees of Ranger regarding the work described in the foregoing paragraph, including whether such work was to be for Ranger's account or for the account of "Epic." MARS relied on these instructions to determine what entity was to supposed to receive payment.

23.

MARS maintained emails and other records for the services it performed on behalf of Ranger and also separately on behalf of Epic Companies/Navarro/Epic Applied. MARS issued invoices for the service work performed. MARS also issued scale purchase tickets for the scrap that it weighed that are necessary to calculate the value of such scrap. While MARS received certain instructions affecting accounting of work as explained in the foregoing paragraphs, such instructions are at odds with demand letters tendered to MARS by Epic Companies, a lawsuit filed against MARS by Epic Applied, and appear to be at odds with certainly publicly filed documents in other litigation in which MARS has been named as a garnishee for funds it may allegedly owe to either Epic Companies or Ranger. These actions warrant the instant interpleader relief.

24.

MARS paid and/or credited to Epic Applied and/or Epic Companies the amount MARS' record keeping indicated was owed based on the dollar value of the work performed by MARS for Epic Applied and the price of the scrap purchased by MARS from Epic Applied, leaving what MARS believed was a zero balance.

25.

Based on the dollar value of the invoices for work performed by MARS for Ranger, the amount of the scrap purchased from Ranger, and instructions received as described in the foregoing paragraphs, it appears that MARS owes Ranger $592,402.95.

26.

On January 28, 2019, MARS received a demand letter on behalf of Epic Companies demanding that MARS immediately pay Epic Companies $1,071,691.18 for amounts allegedly owed to it for scrap work in 2018 and based upon MARS' Master Services Agreement with Epic Applied, discussed above. This demand is in reference to the same work that MARS believed it performed for Ranger, as reflected in Paragraphs 22-23 above. Epic Companies has not provided any documents supporting such demand.

27.

Further, MARS purchased vessels known as the SAVANNAH RIVER and JOE G for MARS to convert to scrap. MARS was requested to scrap these vessels by Epic Applied and/or Epic Companies. However, a review of publicly filed documents indicates these vessels may actually be owned by Navarro. The scrap value of these vessels is approximately $40,205.95.

28.

On January 26, 2019, MARS received a demand letter on behalf of Navarro and Epic Companies demanding payment of the scrap value for the SAVANNAH RIVER and JOE G vessels.

29.

On March 11, 2019, Epic Applied filed a Verified Complaint and Request for Maritime Attachment and Garnishment under Federal Rules of Civil Procedure, Supplemental Rules for

Admiralty and Maritime Claims and Asset Forfeiture Actions, Rule B, against MARS in the United States District Court for the Middle District of Florida, entitled *Epic Applied Technologies LLC v. Modern American Recycling Services, Inc., defendant, and Crowley Liner Services, Inc. and Crowley Maritime Corp, garnishees*, No. 3:19-cv-285 ("Epic Applied Rule B Attachment").

30.

In the Epic Applied Rule B Attachment, Epic Applied sought to seize by maritime attachment a vessel known as the LA PRINCESA as security for sums allegedly owed by MARS to Epic Applied based upon the Master Services Agreement between Tetra Applied Technologies, LLC, and MARS dated October 4, 2013, and as amended on June 11, 2018, with Epic Applied. Epic Applied alleged that MARS owed it $1,078,012 plus interest for scrap purchased during the 2018 scrapping season. The amount alleged in the Epic Applied Rule B Attachment is slightly greater than the amount claimed in the January 28, 2019, Epic Companies demand letter, but it is purportedly for the same 2018 scrapping work.

31.

Attached as an exhibit to the Epic Applied Rule B Attachment was a spreadsheet where Epic Applied claims MARS owes it funds for 2018 scrap work, as explained in the foregoing paragraphs, MARS was instructed by Epic Companies and/or Epic Applied and/or Ranger to allocate to the Ranger account and thus pay Ranger. Further, such spreadsheet included a line item for the SAVANNAH RIVER and JOE G and asserted that the funds for the scrap of those two vessels are owed to Epic Applied, when MARS previously received a demand letter asserting that scrap for the SAVANNAH RIVER and JOE G was owed to Navarro and Epic Companies.

32.

Based upon the instructions received as reflected in Paragraph 22-23, 27, and 31, there are competing demands to the same funds by Ranger, Epic Applied, Epic Companies, and Navarro.

33.

On January 30, 2019, Central Boat filed a Verified Complaint with Request for Issuance of Process of Maritime Attachment and Garnishment under Federal Rules of Civil Procedure, Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Rule B, against Epic Companies and Ranger, with MARS as garnishee, in the United States District Court for the Northern District of Alabama, entitled *Central Boat Rentals Inc. v. Ranger Offshore Inc. and Epic Companies, LLC, defendants, and Modern American Recycling Service, Inc., garnishee*, No. 2:19-cv-173 ("Central Boat Rule B Attachment"). In the Central Boat Rule B Attachment, Central Boat has alleged that it is owed a principal amount of $619,819.07 from Ranger and/or Epic Companies and has sought to garnish any debts owed by MARS to Ranger and/or Epic Companies. Central Boat has thus made a competing demand for the funds currently being held by MARS, and MARS as garnishee is required to file an Answer asserting whether it holds a debt owed to either Ranger or Epic Companies.

## **INTERPLEADER REQUIREMENTS**

34.

Based on the foregoing, MARS has been and will be subject to multiple claims for payment of the scrap amounts purchased in the 2018 season. These claims are made by, or could be made by Epic Applied, Epic Companies, Navarro, Ranger, and Central Boat.

9

35.

The total amount of the disputed funds is $632,608.90 ("Disputed Funds"), which is the sum of the $592,402.95 for scrap and vessel-related services and the $40,205.95 for the scrap of the SAVANNAH RIVER and JOE G.

36.

MARS is unsure which claimant or claimants are entitled to payment and is unable to determine which of the claims are valid and/or in what amounts. MARS has a reasonable fear of multiple liabilities because of these adverse claims and prior actions taken against MARS to date.

37.

MARS has no interest as a claimant in the Disputed Funds and respectfully requests that this Court determine to whom the Disputed Funds should be paid.

38.

MARS wishes to proceed under a Rule 22 interpleader, which does not require a deposit of the Disputed Funds. However, in the event that it is determined that this Court lacks jurisdiction over the Rule 22 interpleader, MARS alternatively pleads statutory interpleader so, if jurisdiction does not exist, it may seek leave to deposit the Disputed Funds into the Court.

**WHEREFORE**, MARS prays that the Court enter judgment:

(1) Requiring the claimants to answer this Complaint in Interpleader and litigate their claims between themselves for the Disputed Funds;

(2) Requiring that the claimants settle between themselves or upon their failure to do so, this Court settle the claims and determine to whom the Disputed Funds should be paid;

(3) Discharging MARS from any and all further liability to the claimants relating in any way to the Disputed Funds upon payment of the Disputed Funds;

(4) Enjoining the claimants from commencing or prosecuting any proceeding in any state or United States federal court affecting the issues relating to the Disputed Funds, including, but not limited to, the attachment of any property of MARS arising from or relating to the Disputed Funds;

(5) Awarding MARS its attorneys' fees and costs; and

(6) Awarding MARS any other and further relief that this Court deems just and proper.

Respectfully submitted:

*/s/ Gavin H. Guillot*
Gavin H. Guillot, T.A. (#31760)
Aaron B. Greenbaum (#31752)
Elizabeth B. McIntosh (#36575)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Gavin.Guillot@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
**ATTORNEYS FOR MODERN AMERICAN RECYCLING SERVICE, INC.**